UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALFREDO LEWIS,

                              Plaintiff,

                                                                9:15-CV-1338

    v.                                                               (TJM/ATB)

JOSEPH T. SMITH, et al.,

                              Defendants.

---

APPEARANCES:

ALFREDO LEWIS
14-R-1737
Plaintiff, pro se
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, NY 13669

THOMAS J. MCAVOY
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiff commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). Plaintiff requested leave to proceed in forma pauperis. Dkt. No. 2 ("IFP Application"). By Decision and Order filed December 10, 2015, the Court denied plaintiff's IFP Application pursuant to 28 U.S.C. § 1915(g) ("Section 1915(g)") because plaintiff had accumulated "three strikes" and was not entitled to the imminent danger exception. Dkt. No. 4 (the "December 2015 Order"). Plaintiff was advised that this action would be dismissed without prejudice, without further order of the Court if, within thirty (30) days of the filing date of December 2015 Order, he failed to either (1) pay the full filing fee of four hundred dollars ($400.00) or (2) show that he is not the plaintiff in the

three actions or appeals cited in the December 2015 Order that were found to constitute strikes. *Id.* On January 25, 2016, plaintiff was granted an extension of time until February 22, 2016, to comply with the December 2015 Order. Dkt. No. 6. Presently before the Court is plaintiff's motion for reconsideration of the December 2015 Order. Dkt. No. 7. Plaintiff has not paid the $400.00 filing fee.

## II. DISCUSSION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

In his motion for reconsideration, plaintiff admits that he is the plaintiff in the three actions or appeals cited in the December 2015 Order that were found to constitute strikes. Dkt. No. 7 at 1 (stating that "yes I am the person who filed those complaints that are listed). Despite this admission, and his non-payment of the full filing fee, plaintiff argues that he should not be barred from filing a complaint pursuant to Section 1983 "if that is the only way

2

to fight off any violation of the state." *Id.* Construed liberally, plaintiff asserts that denial of IFP status and the requirement that he pay the filing fee denies him access to the courts. However, the Second Circuit has clearly held that the fee requirements set forth in 28 U.S.C. § 1915 do not violate a prisoner's right of access to the courts. *Nicholas v. Tucker* 114 F.3d 17, 21 (2d Cir. 1997) (requiring prisoners to pay fees does not violate a prisoner's access to the courts); *accord Tucker v. Branker*, 142 F.3d 1294, 1297 (D.C.Cir. 1998); *Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997); *Norton v. Dimazana*, 122 F.3d 286, 289-91 (5th Cir. 1997); *Roller v. Gunn*, 107 F.3d 227, 231-33 (4th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281, 1284-86 (6th Cir. 1997).

To the extent that plaintiff's motion could be liberally interpreted to challenge the constitutionality of Section 1915(g), which requires him to pay the filing fee in order to proceed, this aspect of his motion is also without merit. *See Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (upholding constitutionality of Section 1915(g)) (citing *Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999) (holding that Section 1915(g) does not unconstitutionally deny a prisoner's access to the courts); *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (rejecting right of access challenge to Section 1915(g)); *Rivera v. Allin*, 144 F.3d 719, 723-24 (11th Cir. 1998) (same); *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997) (same)).[1]

The Court has thoroughly reviewed plaintiff's motion for reconsideration and finds that plaintiff presents no basis for reconsideration of the December 2015 Order. Therefore, his

---

[1] In *Polanco*, the Second Circuit noted that in forma pauperis status "'is not a constitutional right' but rather a 'congressionally created benefit' which can be 'extended or limited by Congress.'" *Polanco*, 510 F.3d at 156.

motion for reconsideration (Dkt. No. 7) is denied.

In light of plaintiff's pro se status, he is granted a final extension of time to pay the full filing fee for this action. Plaintiff must, within thirty (30) days of the filing date of this Decision and Order, submit the full filing fee of $400.00. If plaintiff fails to timely pay the required filing fee in full, this action will be dismissed without prejudice without further order of the Court.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED** that this action shall be **DISMISSED without prejudice, without further order of the Court**, if plaintiff fails to pay the full filing fee of four hundred dollars ($400.00) **within thirty (30) days** of the filing date of this Decision and Order; and it is further

**ORDERED** that if plaintiff timely pays the entire filing fee, the Clerk shall return the file to the Court for review of the complaint in accordance with 28 U.S.C. § 1915A;[2] and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: February 29, 2016

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] Pursuant to 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court expresses no opinion regarding the sufficiency of plaintiff's complaint at this time.